ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 MAY 21 P 4:11

CLERK BMcCarthy
SO. DIST. OF GA

GENE DOLLANDER,  )
　　　　　　　　　)
　　　Plaintiff,  )
　　　　　　　　　)
v.　　　　　　　　) CV 106-065
　　　　　　　　　)
R. JAMES NICHOLSON, Secretary of the )
Department of Veterans Affairs, et al., )
　　　　　　　　　)
　　　Defendants. )

# O R D E R

The captioned case is before the Court on Defendants' motions to dismiss (doc. no. 16) and for a more definite statement (doc. no. 18). Upon the following, both motions are **GRANTED**.

## I. BACKGROUND

Plaintiff's rambling, nearly incomprehensible complaint brings five enumerated claims against a host of current and former federal employees. In the first claim, Plaintiff, a nurse at a Veterans Administration ("VA") Medical Center, complains of various wrongs related to his employment. (See Compl. at 4.) Apparently, Plaintiff believes he has been

DHB (40)　　　　　　　　　　　　　　　　　　　　　　　　　　CCC:

subjected to gender discrimination.[1] (See id.)

In the second claim, Plaintiff asks for "judicial review" of certain "adverse personnel actions" taken against him. (Id. at 5.) In the third claim, Plaintiff seeks to bring medical malpractice and wrongful death claims on behalf of an unnamed former VA patient. (Id. at 6.) In his fourth claim, Plaintiff asserts, in vague fashion, that Defendants have failed to follow "federal laws." (Id. at 7.) In his fifth and final claim, Plaintiff asserts that poor job performance reviews he has received amount to "defamation." (Id. at 8.)

Defendants request the Court to dismiss Plaintiff's third and fifth claims. Defendants also request the Court to order Plaintiff to file an amended complaint with regard to his other claims. The Court resolves the issues as follows.

## II. ANALYSIS & CONCLUSION

To begin, Defendants' motion to dismiss is **GRANTED**. The Court agrees that Plaintiff's claims for medical malpractice and wrongful death, purportedly brought on behalf of a former VA patient, are subject to dismissal. Although Plaintiff alleges that he is the unnamed patient's "personal representative," he has pled no facts supporting this bald assertion. Rather, Plaintiff merely argues that he is acting

---

[1] Notably, this is the third time Plaintiff has contended that he is the victim of gender discrimination at the hands of his employer, the Department of Veterans Affairs. See Dollander v. Principi, CV 103-079 (S.D. Ga. May 22, 2003); Dollander v. Principi, CV 100-209 (S.D. Ga. Nov. 7, 2000).

2

as the decedent's "advocate."

This will not suffice. Plaintiff is not an attorney, and he may not litigate claims on behalf of a third party. See, e.g., Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005). More generally, Plaintiff does not have standing to raise claims regarding injuries suffered by an unrelated third party. See Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005) ("For Article III standing purposes, then, the plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." (internal quotation omitted)). Furthermore, the Federal Tort Claims Act ("FTCA") provides the exclusive remedy for tort actions against the United States and contains a general waiver of sovereign immunity. See 28 U.S.C. §§ 1346(b) & 2679. The FTCA does not allow Plaintiff to bring an action for personal injuries suffered by an unrelated third party. See 28 C.F.R. § 14.3; see also O.C.G.A. §§ 51-4-2, 51-4-4, & 51-4-5.

Here, notwithstanding Plaintiff's argument, there is no indication that he is actually a relative or personal representative of the deceased patient. Nor is there any indication that Plaintiff suffered any legally cognizable injury as a result of the patient's medical treatment or death. Accordingly, Plaintiff's claims for medical malpractice and wrongful death are **DISMISSED**.

The Court also agrees that Plaintiff's claims for

3

"defamation" are due to be dismissed. The FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); Metz v. United States, 788 F.2d 1528, 1531 (11th Cir. 1986). Put plainly, the United States is immune from suit for defamation. See Nadler v. Mann, 951 F.2d 301, 304 (11th Cir. 1992); O'Ferrell v. United States, 968 F. Supp. 1519, 1528 (M.D. Ala. 1997).

Furthermore, federal employees acting within the scope of their employment are immune from suit for defamation. See Nadler, 951 F.2d at 305; Gellert v. Richardson, No. 95-256-CIV-ORL-19, 1996 WL 107550, at *12 (M.D. Fla. Jan. 26, 1996), aff'd, 124 F.3d 1299 (11th Cir. 1997) (Table), cert. denied, 525 U.S. 850 (1998). Here, Plaintiff does not allege that Defendants acted outside the scope of their federal employment. Consequently, any defamation claims against the individual Defendants are also subject to dismissal.

At any rate, even if Plaintiff's defamation suit were otherwise viable, he has failed to exhaust administrative remedies as required by the FTCA. (See Defs.' Ex. 1.) Consequently, any federal tort claim is due to be dismissed for lack of jurisdiction. See Davis v. Marsh, 807 F.2d 908, 912 (11th Cir.1987); see also O'Brien v. United States, 18 F. Supp. 2d 1356, 1360 (N.D. Ga. 1998). Accordingly, Plaintiff's

4

defamation claim is **DISMISSED**.

Finally, the Court agrees that Plaintiff should be ordered to replead. The remaining claims are posed in vague, conclusory, and rambling fashion. Rule 8(a) requires: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, and (2) a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Furthermore, averments in pleadings are to be "simple, concise, and direct." Fed. R. Civ. P. 8(e). Although Plaintiff appears to bring claims for employment discrimination, he does not explain the basis for the Court's jurisdiction nor posit any statutory basis for his claims. Neither does he explain how each of the myriad individual Defendants he has named may be held liable. Also absent from his complaint is a clear and concise explanation of the pertinent facts. Given these pleading deficiencies, the appropriate course is to order Plaintiff to replead. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003)(citing Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg, 305 F.3d 1295-97 (11th Cir. 2002)); see also Byrne v. Nezhat, 261 F.3d 1075, 1129-30, 1133 (11th Cir. 2001). Accordingly, Defendants' motion for a more definite statement is **GRANTED**.

Plaintiff **IS ORDERED** to replead in accord with the following instructions. Should Plaintiff fail to comply with

this Order, the Court may consider striking his pleading, imposing monetary sanctions, or dismissing this case outright. Byrne, 261 F.3d at 1133. If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint.[2]

The amended complaint shall supersede and replace in its entirety the previous complaint filed by Plaintiff. See Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); see also King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). It must be printed legibly or typed so that the Court may discern Plaintiff's claims. It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a

---

[2] The Clerk is **DIRECTED** to enclose a copy of the standard complaint used by pro se litigants in 42 U.S.C. § 2000e Title VII employment discrimination cases in the Southern District of Georgia with Plaintiff's service copy of this Order.

means of providing the factual basis for his complaint.[3] Thus, Plaintiff must name the individuals and/or entities whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of May, 2007.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[3]For example, Plaintiff should not simply state, "See attached documents."

7

COMPLAINT FOR USE BY PRO SE LITIGANTS IN
ACTIONS PURSUANT TO 42 U.S.C. § 2000e
TITLE VII EMPLOYMENT
DISCRIMINATION CASES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

_____

_____

_____ Plaintiff

Enter above the full name of ALL plaintiffs in this action

V.

_____

_____

_____ Defendant

Enter above the full name of ALL defendants in this action

I. ADMINISTRATIVE PREREQUISITES

   A. NON-FEDERAL EMPLOYEE

   1. Approximate number of persons employed by Defendant over the past year: _____

   2. Have you filed with the Equal Employment Opportunity Commission (EEOC) a charge relating to this practice? YES _____ NO _____

   If yes, **attach a copy of each such charge**, or explain on an attached sheet, the nature of each such charge and list the defendants named in each charge.

   3. Have you received a letter from the EEOC notifying you of your **right to sue** regarding such charges? YES _____ NO _____

   If yes, attach a copy of the letter and notice, and **state the date upon which you received the letter and notice.**

   Date Notice Received: _____

   4. Have you received from the EEOC a copy of its Determination with respect to your charges? YES _____ NO _____

   If yes, attach a copy of the Determination.

   B. FEDERAL EMPLOYEE

   1. Did you bring the practice to the attention of your agency's EEO counselor? YES _____ NO _____

   If yes, please give the date you contacted the counselor: _____

   2. After receipt of notice from the EEO counselor, did you file a formal complaint and seek a hearing? YES _____ NO _____

   If yes, please give:
   Date you received notice from counselor _____
   Date formal complaint and hearing request was filed _____
   Please attach a copy of the Determination.

3. Did you appeal to the Equal Employment Opportunity Commission?
YES _____ NO _____

If yes, attach a copy of each charge, or explain on an attached sheet the nature of each charge and list the defendants named in each charge.

Please give the date the appeal with the EEOC was filed: _____

4. Have you received a letter from the EEOC notifying you of your **right to sue** regarding such charges? YES _____ NO _____

If yes, attach a copy of the letter and notice, and **state the date upon which you received the letter and notice.**

Date notice was received _____

5. Have you received from the EEOC a copy of its Determination with respect to your charges? YES _____ NO _____

If yes, attach a copy of the Determination.

## II  PREVIOUS LAWSUITS

A. Have you begun other lawsuits dealing with the same facts involved in this action? YES _____ NO _____

B. If your answer to A is yes, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.

1. Parties to the previous lawsuit
   Plaintiffs: _____

   _____

   Defendants: _____

   _____

2. Court: _____

3. Docket Number: _____

4. Name of Judge to whom this case was assigned: _____
5. Disposition of case (for example, was the case dismissed; on appeal or

currently pending?): _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

III. PARTIES

A. In this section, place your full name in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any:

Name of Plaintiff: _____

Address: _____

Additional Plaintiff: _____

Address: _____

B. In this section, place the full name of the defendant in the first blank, the defendant's position in the second blank, and his place of employment in the third. If a corporation is named as a defendant, enter the full name of the corporation and the mailing address for the home office.

Defendant: _____

is employed as _____

at _____

Additional Defendants: _____

_____

IV. STATEMENT OF CLAIM

State here, as briefly as possible, the facts of your case. Identify the persons, firms, companies, unions, agencies, or bodies you believe have engaged in the employment practices of which you complain. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

V.   RELIEF:

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no statutes or cases.

_____

_____

_____

_____

_____

_____

I CERTIFY, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT. Executed on this _____ day of _____, 2_____.

_____
Signature of plaintiff or plaintiffs